IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JACUANA T. SYKES**                                                                **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:24-CV-16-MPM-DAS**

**GRAMMAR INC.**                                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

Presently before the court is the plaintiff Jacuana T. Sykes' application for leave to proceed *in forma pauperis*. Docket 2. The plaintiff seeks to file an employment discrimination action against the defendant pursuant to 28 U.S.C. § 1915. This statute does not provide an absolute right to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F. 2d 1332 (5th Cir. 1976). It is a privilege extended to those unable to pay the filing fees when an action is not frivolous or malicious. *Startti v. U.S.A.*, 415 F. 2d 1115 (5th Cir. 1969). The court has discretion to determine whether to grant this status, *Carter v. Telectron*, 452 F. Supp. 939 (S.D. Tex. 1976), and the court may monitor a civil action that has been instituted *in forma pauperis* to avoid or minimize abuse of prosecution of such civil suits. *Hawkins v. Elliot*, 385 F. Supp. 354(D.C. S.C 1974) and *Mann v. Leeke*, 73 F.R.D. 264 (D.C. S.C.1974).

The court was unable to ascertain the plaintiff's financial status based on the information provided in her application to proceed *in forma pauperis*[1] and ordered her to

> provide the court with sufficient information to allow the court to determine her true financial status, including but not limited her net monthly income from any source and a detailed description of her monthly expenses with amount of each monthly expense (or whether said expenses are provided for by another source), and any other pertinent information that would assist the court in determining whether the plaintiff should be allowed to proceed in this case *in forma pauperis*.

---

[1] The plaintiff's application identified income from part-time employment but failed to "state the amount that [she] received and what [she] expect[s] to receive in the future" as the application requires. She identified regular monthly expenses, but again, she did not "provide the amount of the monthly expense" as directed on the form.

Doc. 4. The plaintiff was given until April 26, 2024, to respond and was informed that her "[f]ailure to comply with this Order will lead to a denial of the application." *Id*. As of the date of this order, the plaintiff has not responded to the court's Show Cause Order, and the undersigned recommends the motion for leave to proceed *in forma pauperis* be denied.

The plaintiff is referred to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Local Uniform Civil Rule 72(a)(3) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 14 days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 2nd day of May, 2024.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE